Harold A. Felix, J.
The fact-finding in this case was grounded on the admission by the respondent to an act which if committed by an adult would lie robbery in the second degree. The serious allegations set forth in the petition cannot be taken lightly. The victim was cut with a knife, albeit used by the respondent’s coactor, while the respondent went through the victim’s attire and stole her property. Both participants fled the scene of their crime, but the respondent fortunately, was apprehended. His information with respect to the identity of his coactor leading to the latter’s apprehension prompted the court in no small measure to accept the admission to the charge of a lesser degree. Investigation .reveals that the respondent will soon be 16 years of age, is attending school and has a part-time job. However, regularity of school attendance and part-time employment were facts when the act was committed. The respondent admitted that he accepted the invitation of his coactor to enter .a building to rob someone. Respondent was sufficiently mature, knowledgeable and street-wise to comprehend what might ensue in the course of a planned assault and robbery against any person in the public hallway who might appear to be an “ easy-mark ” — in this case a young and attractive woman.
The Probation Service has recommended probation and the court is prepared to accept such recommendation. It is opposed by the respondent’s Attorney on the grounds that the respondent needs no supervision— that he will be 16 years of age in February and if any antisocial acts are committed respondent is answerable to the criminal law. What respondent’s attorney is requesting this court to do is to dismiss the petition and to refrain from finding her client delinquent. It is my view that the commission of an act of such serious community impact must be weighed as a factor in the dispositional hearing and may prove sufficient of itself, absent it being outweighed by other factors, to warrant at the very least continued court intervention. It is patently clear to the court that the respondent’s demonstrated conduct as ia person who can be influenced and led to commit an act of the serious character as found, may well be in need of supervision. To ignore the act and the circumstances giving rise to the same, and to require that at a dispositional hearing it must be proven that other omissions and shortcomings of the respondent must be made manifest to warrant the court concluding that a juvenile is in need of supervision, is not the court’s understanding of the statutory requirement. It need only determine by a preponderance that there is such need. The status of probation may have such deterrent effect on the *676 respondent as to cause Mm to tMnk twice before yielding to the temptation to engage in any .conduct proscribed by the Penal Law and as such may serve, him, as well as the community in good stead. Important also is the fact that a Probation Officer may provide a source of contact and a relationship that could inure to the respondent’s best interests.
The argument that the commission of any new criminal act makes him answerable to the Criminal Court has little merit. Conditions of probation extend beyond the commission of criminal acts, land a violation of any condition thereof would bring the respondent back before the court for whatever action might be deemed appropriate.
In substance therefore the act and the circumstances of its commission are on the scale along with the respondent’s proof that he has not acted out since the finding; and that he attends school and is working part time (as at the time of the commission of the act). I am constrained to conclude and so find that by preponderant weight the respondent needs the continued intervention of the court through the Probation Service and it is so ordered to the respondent’s 17th birthday.